IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHARLIE FRANKLIN ROBERTS,

        Petitioner,

v.                                    Case No. 18-CV-306-JFH-KEW

SCOTT CROW, DOC Director,

        Respondent.

## OPINION AND ORDER

This matter is before the Court on Petitioner's motion to dismiss his petition for a writ of habeas corpus. Dkt. No. 17. Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma. He is attacking his conviction in Carter County District Court Case No. CF-2015-39 for Kidnapping (Count 2) and Domestic Assault and Battery with a Dangerous Weapon (Count 4), raising the following grounds for relief:

    I.      Guilty plea was not knowing and voluntary. Trial court abused discretion.

    II.     No factual basis for the guilty plea.

    III.    Denied effective assistance of counsel.

Dkt. No. 1 at 5-8.

After Respondent filed a response in opposition to the petition [Dkt. No. 7], Petitioner filed this motion to dismiss the petition, asking to "withdraw" his petition without prejudice in order to exhaust his state remedies. Dkt. No. 17 at 1. He asserts he now understands that all of his state remedies have not been exhausted, and he believes his habeas petition should not have been filed, especially because he has not reviewed the Local Rules of this Court. *Id*. at 1, 2. Petitioner's motion further states that his habeas petition "should have raised the errors presented as Due

Process claims, Rule violations but also improperly addresses an Ok. Bar Association Commission's confidential decision and he had failed to research their Discipline Diversion Program / and the Consequences / requirements of 'Letter of Admonition.'" *Id*. at 2 (grammar and syntax in original).

Respondent asserts he does not object to Petitioner's request for leave to dismiss the petition to return to state court, however, "Petitioner would risk having all of his claims time-barred if he dismissed the current petition and filed another petition after exhausting his remedies in state court." Dkt. No. 20 at 2-3, n.2 (citing *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that the statute of limitations in 28 U.S.C. § 2244(d) is not tolled during the pendency of a previously filed federal habeas petition).

Respondent also contends that Petitioner has not moved to amend his petition, and the Court should not construe his motion to dismiss as a request to do so. Because Petitioner has fully exhausted the claims in his petition, he would need a new claim or theory that would require his return to state court for exhaustion. Respondent also alleges that any request by Petitioner to amend his petition should be denied because of Petitioner's undue delay of more than two years in filing his motion to dismiss, and because any attempted amendment would be futile.

Respondent further argues that any claim that Petitioner suffered a due process violation because of the alleged lack of a sufficient basis for his guilty plea (Ground II) would not relate back to his original petition and would be time-barred. In addition, Ground II does not state a federal claim, and as such is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that "federal habeas corpus relief does not lie for errors of state

law," and "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States" (citations omitted)). Further, presenting Ground I (plea was not knowing and voluntary) or Ground III (ineffective assistance of counsel) as a "due process claim" would not change these two grounds for relief, because both grounds already state claims cognizable on federal habeas review.

The Tenth Circuit Court of Appeals has held that "federal habeas law strictly limits the circumstances under which an amendment can relate back to the original petition filing." *Postelle v. Carpenter*, 901 F.3d 1202, 1225 (10th Cir. 2018), *cert. denied*, __ U.S. __, 139 S. Ct. 2668 (2019). "As relevant here, it may do so '*if and only if* . . . the proposed amendment does not seek to add a new claim or to insert a new theory into the case.'" *Id*. (citing *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (emphasis and alteration by *Postelle* Court)). Here, Petitioner is seeking to add new theories.

Petitioner has filed a reply to Respondent's response to the motion to dismiss, alleging he has not filed an application for post-conviction relief to address his claim of ineffective assistance of counsel. Dkt. No. 21  According to the Oklahoma State Courts Network at www.oscn.net, on January 25, 2021, Plaintiff filed in the state district court a motion for leave to exhaust state remedies of claims.[1]  Plaintiff also alleges the ABA letter related to his application for certiorari appeal to the Oklahoma Court of Criminal Appeals in Case No. C-2017-1 is meritorious, newly-discovered evidence. Dkt. No. 21 at 2.  Therefore, based on the arguments in Respondent's

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

response to the motion to withdraw his petition, Petitioner asks for permission to file an amended § 2254 petition pursuant to Fed. R. Civ. P. 15(a)(2).

Here, the Court finds Petitioner is seeking to add new theories in an amended complaint. However, any claim asserted in a future petition likely would be procedurally barred for failure to comply with 28 U.S.C. § 2244(d)'s one-year statute of limitations. The Court further finds that Petitioner has failed to show good cause for his more than two-year delay in his attempt to amend the petition.

After careful review, the Court finds that because Petitioner timely filed this petition and properly exhausted his claims for habeas relief, his motion to dismiss the petition [Dkt. No. 17] is **DENIED**. His request to file an amended complaint [Dkt. No. 21 at 2] also is **DENIED**. If Petitioner still desires to voluntarily dismiss his timely petition and the three exhausted claims therein, he must file a new motion to dismiss within fourteen (14) days after entry of this Opinion and Order.

IT IS THEREFORE ORDERED that

1. Petitioner's motion to dismiss [Dkt. No. 17] is **DENIED**.

2. Petitioner's request to file an amended petition [Dkt. No. 21 at 2] is **DENIED**.

3. If Petitioner desires to voluntarily dismiss his timely petition and the three exhausted claims therein, he must file a new motion to dismiss within fourteen (14) days after entry of this Opinion and Order.

IT IS SO ORDERED this 15th day of June 2021.

                                                      _____
                                                      JOHN F. HEIL, III
                                                      UNITED STATES DISTRICT JUDGE